1  Vernon E. Leverty, Esq.
   Nevada State Bar No. 1266
2  Patrick R. Leverty, Esq.
   Nevada State Bar No. 8840
3  Leverty & Associates Law, Chtd.
   832 Willow St.
4  Reno, NV 89502
   (775) 322-6636
5  Attorney for Defendants
   PAUL SZANTO; ESTATE OF KLARA SZANTO;
6  PAUL AND KLARA SZANTO REVOCABLE TRUST
   DATED MARCH 19, 1991
7

8                    **UNITED STATES DISTRICT COURT**

9                     **DISTRICT COURT OF NEVADA**

10  PETER SZANTO,                          Case No.:  2:06-CV-00048-PMP-PAL

11              Plaintiff,

12       v.                                **OPPOSITION TO EX-PARTE
                                            APPLICATION FOR CONTINUANCE
13                                          TO ALLOW DISCOVERY WHILE
    PAUL SZANTO; ESTATE OF KLARA            DISPOSITIVE MOTIONS ARE
14  SZANTO; and PAUL AND KLARA              PENDING.**
    SZANTO REVOCABLE TRUST DATED
15  MARCH 19, 1991; inclusive

16              Defendants.
    _____/
17

18       Defendants Paul Szanto, the Estate of Klara Szanto and the Paul and Klara Szanto

19  Revocable Trust Dated March 19, 1991, by and through their undersigned counsel, hereby bring

20  this opposition to Plaintiff Peter Szanto's Ex-Parte Application for Continuance To Allow

21  Discovery While Dispositive Motions Are Pending.

22  **I.    INTRODUCTION**

23       **A.    Factual History**

24       This is a case where Plaintiff Peter Szanto is trying gain access to family information that

25  he is not otherwise entitled to by use of judicial procedure.  In the face of three dispositive

26  Motions to Dismiss, Peter Szanto is now seeking discovery of information that will not assist the

27  Court in deciding jurisdictional issues, but instead is seeking information about the finances of

28  Paul and Klara Szanto Revocable Trust ("the Trust") and his father which have nothing to do

1

1   with the Motions to Dismiss currently before the Court.

2         During the morning of May 15, 2006, Peter Szanto called the offices of Leverty &

3   Associates regarding obtaining discovery in this case before the pending Motions to Dismiss

4   were decided.  Defendant's counsel refused to stipulate to such discovery, because the discovery

5   sought has nothing to do with the jurisdictional issues before the Court.  Several hours later,

6   Peter Szanto sent a brief letter to Leverty & Associates regarding why he believed that discovery

7   was proper, and attaching one page of quotes from cases supporting his position.  (Exhibit 1)

8   Leverty & Associates responded later that day with a well reasoned letter explaining to Peter

9   Szanto why the cases he cited to are inapplicable to the situation before the Court.  (Exhibit 2)

10  The next day Peter Szanto filed this ex parte motion with the Court.

11        **B.    Procedural History.**

12        On May 16, 2006, Plaintiff Peter Szanto filed an Ex-Parte Application for a Continuance

13  to Allow Discovery While Dispositive Motions are Pending. (Document 29).  This application is

14  apparently in response to Defendants three Motions to Dismiss filed on May 11, 2006.

15  (Documents 26, 27, and 28).  Only one of these motions has any arguable basis for discovery, the

16  Motion to Dismiss the Paul and Klara Szanto Revocable Trust  for Lack of Personal Jurisdiction

17  (Document 26). Under no circumstance should a Continuance be granted to respond to the

18  Motion to Dismiss for Failure to State a Claim (Document 27) or the Motion to Dismiss for

19  Insufficiency of Service (Document 28).

20        **C.    Discovery Sought.**

21        Peter Szanto seeks the following documents to prove that jurisdiction is proper:

22    1.    Spreadsheets allegedly prepared by Plaintifff to demonstrate to his parents the
            benefits of pass through trust income and how to account for this income;
23    2.    Worksheets detailing the transition from residential rental property to a time-share
            ownership form of property rental;
24    3.    Books and papers comparing the tax advantages of trust ownership versus
            corporate ownership of residential rental property.
25  (Motion at 1/21-2/1)

26        Due to the specificity of the documentation requested, it is clear that Peter Szanto has this

27  information in his possession.

28        Peter Szanto has apparently dropped requests for further discovery that he requested in

2

1  his letter of May 15, 2006 (Exhibit 1), including, but not limited to interrogatories to Paul Szanto
2  and Victor Szanto.

3         However, Peter Szanto does not specifically state what discovery he seeks, nor does he
4  state what this discovery would prove.

5  **II.    LEGAL ARGUMENT.**

6         There are four legal arguments as to why discovery is not necessary in this matter to
7  determine jurisdiction.  First, jurisdiction in this matter is predicated upon the trust owning a
8  specific piece of property in the State of Nevada, which is special jurisdiction.   Second, the
9  discovery sought does not address the jurisdictional issues before the Court.  Third, discovery is
10 absolutely not warranted for two of the three Motions to Dismiss.  Fourth, the trust is not a
11 necessary party.

12        **A.    No Jurisdiction Exists.**

13        This Court lacks jurisdiction to hear this matter as to the trust, and any discovery on this
14 issue would be nothing more than a fishing expedition into the trust corpus, rather than
15 determining whether jurisdiction exists.

16                    **1.    Special v. General Jurisdiction.**

17        There are two types of jurisdiction that allow this Court to hear this case - special or
18 specific jurisdiction, and general jurisdiction.  General jurisdiction exists if a nonresident
19 defendant has activities within a state that are substantial or continuous and systematic, there is
20 sufficient relationship between the defendant and the state to support jurisdiction even if the
21 cause of action is unrelated to the defendant's forum activities.  *Data Disc, Inc. v. Systems*
22 *Technology Associates, Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1997).  If the defendants activities are
23 not so pervasive as to subject the defendant to general jurisdiction, the issue whether jurisdiction
24 exists is based on the nature and quality of the defendant's contacts in relation to the cause of
25 action, and the following 3 part test is used:

26        1.    The nonresident defendant must do some act or consummate some transaction
              with the forum or perform some act by which he purposefully avails itself of the
27            privilege of conducting activities in the forum, invoking the benefits and
              protections of its laws;
28        2.    The claim must be one which arises out of or results from the defendant's forum-

1                related activities; and

           3.         Exercise of jurisdiction must the reasonable.

2 *Id.*

3       General jurisdiction is not alleged in this case, because the Complaint states that the basis

4 of jurisdiction is (1) diversity and (2) real property in this district. (Complaint at ¶5).  Therefore,

5 analysis is required to determine if special jurisdiction is warranted.

6       Peter Szanto has alleged that the act of the Trust that gives this Court jurisdiction is the

7 purchase of the subject property.  However, as shown below, the title of this property was never

8 in the name of the trust. Therefore, there was no purposeful availment by the trust.  As the trust

9 never held title to the property, Peter Szanto's claims that arose out of the purchase of the subject

10 property can not be aimed at any activities of the Trust in Nevada.  This would make exercise of

11 jurisdiction unreasonable.

12                **2.**       **The Title Of The Property Is Dispositive.**

13       The history of this transaction clearly shows that the trust was not a party to this

14 transaction.  As shown by exhibit 3, the title of the property was in the name of Paul Szanto and

15 Klara Szanto as community property with the right of survivorship.  Exhibit 4 shows the

16 Trustee's deed upon sale, which states that this property was owned by Paul and Klara Szanto,

17 husband and wife, as joint tenants, and that the notice of default was recorded on September 28,

18 2000, against Paul and Klara Szanto.

19       Pursuant to NRS 111.315, every conveyence of property must be recorded.  Any

20 unrecorded conveyence of real property is void. NRS 111.325.  Any alleged conveyence of the

21 property into the Klara Szanto Revokable trust would be void.  Jurisdiction can not lie on a void

22 transaction.

23       Therefore, it is conclusively proven that the Trust never held an ownership interest in the

24 subject property.

25             **B.**      **No Discovery Is Warranted Because The Documents Sought Do Not Address**
                   **The Jurisdictional Issues Before the Court.**

26

27       The discovery sought by Mr. Szanto does not address any of the jurisdictional issues

28 before the Court.  As set forth in the Motion to Dismiss for Lack of Jurisdiction (Document 26),

1  Mr. Szanto alleged in his complaint that this property was owned by himself, his father, and his

2  mother as joint tenants with right of survivorship. (Complaint at ¶14, 16).  Plaintiff has

3  previously filed with the Court showing that the property of the Trust was all in the State of

4  California. See Exh. E to Response to Motion to Set Aside (Document 22).

5      The discovery apparently sought by Mr. Szanto is his alleged advice to his parents and

6  books and papers comparing the benefits of and detriments of how to own investment property.

7  Just as every ball hit by a golfer does not go where the golfer intends it to go (*Yoneda v. Tom*,

8  --- P.3d ----, 2006 WL 1121801 (April 28, 2006)), not all advice that is given, no matter how

9  good said advice is, is taken.

10     It is irrelevant as to the jurisdictional issue if the parties intended to transfer the subject

11 property into the trust because they did not.  It is irrelevant as to the jurisdictional issue if Peter

12 Szanto recommended a means for his parent to engage in a more or less beneficial tax situation.

13 All that is relevant to the personal jurisdiction issue is if the Trust had sufficient contacts with the

14 State of Nevada to invoke specific jurisdiction.  The documents sought will not assist the Court

15 in this analysis because they are self-serving documents created by Peter Szanto that have

16 nothing to do with whether the Trust owned any property in the State of Nevada.

17     **C.      No Discovery Is Warranted Under Any Circumstances For Two of the Three**
               **Dispositive Motions to Dismiss.**
18
       Mr. Szanto has chosen to only address discovery on the jurisdictional issues.  No
19
   discovery is warranted under any circumstances for the Motion to Dismiss for Failure to State A
20
   Claim and the Motion To Dismiss For Insufficient Service. (Documents 27 and 28).  All of the
21
   cases cited by Mr. Szanto address only the Motion to Dismiss for Lack of Jurisdiction.
22
       **D.      The Cases Cited By Peter Szanto Are Inapplicable To His Requests.**
23
       Further, the cases cited by Mr. Szanto are either (1) inapplicable to the issues before the
24
   Court or (2) easily distinguishable.
25
       Mr. Szanto cites to the following cases in support of his proposition that discovery is
26
   warranted:
27
       *Orchid Biosciences v. St. Louis University*, 198 F.R.D. 670 (S.D. Ca. 2001)
28     *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280 (9th Cir. 1997)

5

*Hachette Distribution v. Hudson County News Co.*, 136 F.R.D. 356 (E.D.N.Y. 1991)
*America West Airlines, Inc. v. GPA Group LTD.*, 877 F.2d 793 (9th Cir. 1989)
*Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406 (9th Cir. 1977)
*Kilpatrick v. Texas & P. Railway Co.*, 72 F.Supp. 635 (S.D.N.Y. 1947)

While these cases state that discovery is permissible to determine if jurisdiction is proper, none of them state that discovery is mandatory, or even required, to determine if jurisdiction exists.

In *Orchid Biosciences*, the Court found that the plaintiff does not need to establish a prima facie case to conduct discovery related to jurisdictional issues raised in a motion to dismiss. However, the *Orchid Biosciences* Court also ruled that it is not an abuse of judicial discretion to deny discovery before dismissing on jurisdictional grounds when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction. *Orchid Biosciences,* at 673. Any discovery which seeks to reach the merits of the case is unnecessary, costly and burdensome and should not be granted. *Id.* at 672. The discovery sought by Peter Szanto goes to the merits of the case, if any. Therefore it should not be granted.

In *Data Disc*, the Court found that when the Plaintiff raises multiple causes of action, then personal jurisdiction must exist over each of the claims. Here, if the tortuous causes of action occurred, then they did not occur in this Court's jurisdiction. The Trust has its situs in California, and could have only entered into contracts in the State of California, making the breach of contract claim improper for this jurisdiction.

The *Hachette* Court ruled that the following test should be used when determining whether discovery should be allowed when facing dispositive motions:

1. The type of motion and whether it is a challenge as a matter of law or to the sufficiency of the allegations;
2. The nature and complexity of the action;
3. Whether counterclaims and/or cross claims have been interposed;
4. Whether some or all of the defendants join in the request for a stay;
5. The posture or stage of litigation;
6. The expected extent of discovery in light of the number of parties and complexity of the issues in the case; and
7. All other relevant circumstances

*Hachette* at 358.

When this test is applied to the circumstances currently before the Court, it is clear that no discovery should take place. The motions before the Court are challenges to the sufficiency of

6

1   the allegations as a matter of law - i.e. that there is no jurisdiction (an issue of law); that the

2   statute of limitations has run (an issue of both law and sufficiency of the allegations); and

3   whether service was proper (an issue of law).  This is a case of sour grapes filed by an estranged

4   son who is seeking to obtain substantial sums of money from his father by misuse of judicial

5   process.  This case is not complex, because either there was a contract, or there was not.  No

6   counter-claims or cross-claims have been interposed at this time.  All of the defendants join in

7   objecting to this proposed discovery at the beginning of the litigation.  It is expected that Peter

8   Szanto will seek to engage in extensive discovery into his parents (and most likely, his siblings)

9   financial status, both at this stage, and if he prevails against the motions to dismiss, during the

10  discovery period.  Finally, there are no relevant circumstances to allow this discovery, because

11  the discovery sought has nothing to do with the jurisdictional issues.

12          *The America West* Court stated that when discovery would not clearly demonstrate facts

13  sufficient to constitute a basis for jurisdiction, then discovery is not warranted.  *America West* at

14  801.  Here, the discovery sought has nothing to do at all with the jurisdictional issues before the

15  Court.  It has to do with what advice Plaintiff claims he gave to his parents.  This will not assist

16  the Court in determining if the trust owned the property in question or if jurisdiction is proper in

17  this action.

18          The *Wells Fargo* Court stated that an appellate court will not interfere with the trial

19  court's refusal to grant discovery except upon the clearest showing that the dismissal resulted in

20  actual and substantial prejudice to the litigant. Here, denial of the discovery sought would not

21  result in actual and substantial prejudice to the litigant because the discovery sought can not be

22  used to show that the Trust purposefully availed itself of Nevada's laws.

23          The *Kilpatrick* Court stated that a motion to take depositions of corporate employees

24  should be granted where pertinent facts which bear on the question of jurisdiction are

25  controverted or where a more satisfactory showing of the facts is necessary, but found that it was

26  not necessary in that case, because the issues for those employees to be deposed were not at issue

27  on the jurisdictional matters. Here, the discovery sought has nothing to do with jurisdiction nor

28  does it seek a more satisfactory showing of facts.

1    Thus, not one of these cases is applicable to state that discovery is mandatory.  In fact,

2    most of these cases hold that, in the situation currently before the Court, discovery should not be

3    allowed.

4    Therefore, the Court should deny Peter Szanto's request for discovery as the discovery

5    sought will not assist the Court in deciding whether personal jurisdiction lies with this Court for

6    the Trust.

7    **D.    The Trust Is Not An Indispensable Party.**

8    The trust is not an indispensable party to this litigation.  It did not own the property in

9    question (see exhibits 3 and 4); no contract was entered into with the trust for the subject

10   property; there was no fiduciary relationship between the Trust and Peter Szanto to be breached;

11   and the trust could not make any representations, so no misrepresentation could be made by the

12   trust.

13   Application of Federal Rule of Civil Procedure 19 determines whether a party is

14   indispensable. The inquiry is a practical, fact-specific one, designed to avoid the harsh results of

15   rigid application. See *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir.1990). The Court

16   must determine: (1) whether an absent party is necessary to the action; and then, (2) if the party is

17   necessary, but cannot be joined, whether the party is indispensable such that in "equity and good

18   conscience" the suit should be dismissed. *Confederated Tribes v. Lujan*, 928 F.2d 1496, 1498 (9th

19   Cir.1991).

20   Further, paragraph 16 of the complaint conclusively demonstrates not only that Peter

21   Szanto knew that the title to the property was held by Paul and Klara Szanto, but that the

22   property was not purchased by the Trust, making any discovery on this issue moot.  As Peter

23   Szanto has admitted to the Court how the subject property was owned, it is clear that no subject

24   matter or personal jurisdiction lies over the Trust.

25   All parties to a contract are indispensable parties, when the suit is based on contractual

26   rights*.  Ward v. Deavers,* 203 F.2d 72, 75 (C.A.D.C. 1953);  See also *Dawavendewa v. Salt River*

27   *Project Agr. Imp. and Power Dist.*, 276 F.3d 1150, 1157 (9th Cir. 2002)(all parties to a contract

28   are indispensable parties); *Global Discount Travel Services LLC v. Trans World Airlines, Inc.*,

8

1    960 F.Supp. 701, 707-708 (S.D.N.Y.1997)("As a direct party to the contract which is under

2    dispute, Karabu is a necessary party to this litigation for at least the three reasons articulated

3    under Fed.R.Civ.P. 19(a)."); *Texas Utilities Co. v. Santa Fe Industries, Inc*., 553 F.Supp. 106,

4    110-111 (N.D.Tex.,1982)("As a general rule in a suit to obtain relief from a contract all the

5    parties thereto  are indispensable.").

6         Mr. Szanto alleges in his complaint that this property was owned by him, his father and

7    his mother as joint tenants, (Complaint at ¶ 16) clearly establishing that this property was not

8    owned by the trust, nor was it to be owned by the trust.

9         Therefore, the Court should deny Peter Szanto's request for discovery because the Trust

10   is not an indispensible party.

11   **III.    CONCLUSION.**

12        The Court should not allow discovery to occur at this early date because (1) the title of

13   the subject property is dispositive as to the ownership of the property (2) the discovery sought

14   does not address the jurisdictional issues before the Court; (3) no discovery is warranted or

15   authorized for two of the three dispositive motions to dismiss that are currently pending before

16   the Court; and (4) the Trust is Not a Necessary Party to this litigation.

17        Dated this 19ᵗʰ day of May, 2006.

18                                                LEVERTY & ASSOCIATES LAW CHTD.

19
                                                 By: /s/ William R. Ginn, Esq.
20                                                   William R. Ginn, Esq.
                                                     832 Willow St.
21                                                   Reno, Nevada 89502
                                                     Attorneys for Defendants
22

23

24

25

26

27

28

# AFFIDAVIT OF COUNSEL

STATE OF NEVADA       )
                       ) ss
COUNTY OF WASHOE   )

      I, William R. Ginn, Esq., being first duly sworn, depose and say under penalty of perjury, that:

1.     I am an attorney licensed to practice in the State of Nevada;

2.     I represent Defendants Paul Szanto, the Estate of Klara Szanto and the Paul & Klara Szanto Revocable Trust in this matter and make this affidavit in support of their Opposition to the Ex-Parte Application For Continuance To Allow Discovery While Dispositive Motions Are Pending.

3.     I certify that the document attached hereto as an exhibit is a true and correct copy of the original as received and maintained by this law firm as identified below:

| Exhibit | Description of Document |
|---|---|
| 1 | Letter dated May 15, 2006 from Peter Szanto to Patrick Leverty; |
| 2 | Letter dated May 15, 2006 from Patrick Leverty to Peter Szanto; |
| 3 | June 15, 2000, Grant, Bargain and Sale Deed; |
| 4 | January 21, 2001, Trustee's Deed Upon Sale; |

/s/ William R. Ginn, Esq.
William R. Ginn, Esq.

Subscribed and sworn to before me
this 19th day of May, 2006.

/s/ Allison Records
NOTARY PUBLIC

10

1

<u>CERTIFICATE OF SERVICE</u>

2

Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify under penalty

3

of perjury that I am an employee of Leverty & Associates Law, Chtd., and that on this date, I

4

delivered via electronic service through the CM/ECF a true and correct copy of the foregoing

5

addressed to:

6

Peter Szanto, pro per
P.O. Box 10451

7

Newport Beach, CA 92658

8

DATED this 19th day of May 2006.

9

10

    /s/ Allison Records
An Employee of Leverty & Associates Law, Chtd.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

# Exhibit 1

# Exhibit 1

Patrick Leverty
832 Willow Street                                    May 15, 2006
Reno NV  89502

RE: SZANTO v. SZANTO   USDC  NV 06 cv 48

Sir:

As we discussed, I would like to do discovery in this action.

The format of this discovery would be to obtain from Paul Szanto

the books papers and records of the Las Vegas property deal.

I would also serve 1 or 2 interrogatories on Paul Szanto and Victor Szanto.

Please find attached to this letter, case law allowing this type

of discovery prior to responding to your dismissal motions.

I would like you to agree to a continuance of my time

to respond to your motions, until discovery is completed.

Please call me first if you intend to send a fax.   949 887-2369

Thank you,

Peter Szanto



ORCHID BIOSCIENCES v. ST. LOUIS UNIVERSITY, 198 F.R.D. 670 (2001)

The court has very broad discretion to allow discovery in a case while a
dispositive motion is pending. A case by case analysis is required, since the
determination will necessarily be fact specific and will depend upon the
particular circumstances and posture of the case at issue.

The court's discretion to allow discovery in a case while a dispositive motion is
pending. Data Disc, Inc. v. Systems Technology Associates 557 F.2d 1280 (9th
Cir. 1977) ("A court may permit discovery to aid in determining whether it has
in personam jurisdiction. In granting discovery, the trial court is vested with
broad discretion. Id. at 1285 n.1. See also Hachette Distribution  v. Hudson
County News Co 136 F.R.D. 356 (1991).

case by case analysis is required, since the determination will necessarily be
fact specific and will depend upon the particular circumstances and posture of
the case at issue. Id. As more fully discussed below, since there is a motion to
dismiss for lack of personal jurisdiction pending, any discovery which seeks to
reach the merits of this case would be unnecessary, costly and burdensome at
this time. However, under the particular circumstances present here, a
protective order staying all discovery is not warranted. [HERE IS THE COURT
IS ALLOWING PRECISELY THE LIMITED TYPE OF DISCOVERY I SEEK ]

Courts are afforded a significant amount of leeway in deciding whether parties
may conduct discovery relating to jurisdictional issues while a motion to
dismiss is pending. "It is clear that the question of whether to allow discovery
is generally within the discretion of the trial judge. However, where
pertinent facts bearing on the question of jurisdiction are in
dispute, discovery should be allowed." America West Airlines  v.
GPA Group 877 F.2d 793, 801 (9th Cir. 1989). See also Wells Fargo
v. Wells Fargo Express  556 F.2d 406 (9th Cir. 1977) (finding that "discovery .
. . 'should be granted where pertinent facts bearing on the question of
jurisdiction are controverted . . . or where a more satisfactory showing of the
facts is necessary.'" Id. at 430 n.24  (citing Kilpatrick v. Texas & P. Ry., 72 F.
Supp. 635, 638 (S.D.N.Y. 1947)); Data Disc, 557 F.2d at 1285 n.1

In Data Disc, after suggesting that the trial court may properly allow affidavits
or discovery, or a combination thereof, in determining whether personal
jurisdiction exists over a defendant, n4 the court addressed the burden a
plaintiff would subsequently bear in opposing a defendant's motion to dismiss.
" If the court determines that it will receive only affidavits or affidavits plus
discovery materials, these very limitations dictate that a plaintiff must make
only a prima facie showing of jurisdictional facts through the submitted
materials in order to avoid a defendant's motion to dismiss." 557 F.2d at 1285.

# Exhibit 2

# Exhibit 2

*Loverty & Associates Law*

CHARTERED
ATTORNEYS AND COUNSELORS AT LAW
*Reno Gould House*
832 WILLOW STREET
RENO, NEVADA 89502

—

(775) 322-6636
FAX (775) 322-3953

May 16, 2006

VIA FAX ONLY (949-887-2369)

Peter Szanto
P.O. Box 10451
Newport Beach, CA 92658

Re: Peter Szanto v. Paul Szanto, et al.

Dear Peter Szanto:

This letter is in response to your May 15, 2006, letter wherein you request an opportunity to conduct discovery. Specifically you request to do a request for production of documents regarding the "books papers and records of the Las Vegas property deal." You also request to serve one or two interrogatories on Paul Szanto and Dr. Victor Szanto. Your authority for this early discovery is *Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670 (S.D.Cal.,2001).

The discovery you request has no relevance to the motions before the court. In *Orchid Biosciences, Inc.* the Court found discovery was necessary to determine whether or not there was general personal jurisdiction. General personal jurisdiction exists when the defendant's forum activities are so substantial or continuous and systematic that it may be deemed present in the forum. The *Orchid Biosciences* Court ordered discovery because the affidavit of Dr. Webster, attached to Defendant's motion to dismiss for lack of personal jurisdiction, admitted 78 contacts with California. *Id.* at 673, FN 5. The Court determined discovery was necessary because the 78 contacts may have been enough to satisfy the requirement of general personal jurisdiction.

In the present case, Plaintiff's complaint completely fails to make a prima facie case for personal jurisdiction - either general or specific. The complaint alleges the basis for jurisdiction is the purchase of Las Vegas property. The complaint does not allege the Trust had substantial or continuous and systematic contacts with Nevada. In other words, the complaint alleges specific personal jurisdiction. This is especially true, as Plaintiff conceded in the opposition to the motion to set aside the clerk's entry of default judgment that all trust assets are located in California. *See* Exhibit E.

To show specific personal jurisdiction the Plaintiff's claims must arise out of the contacts with Nevada. *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th

Cir.2003).  Your request to serve one or two interrogatories on Paul Szanto and Dr. Victor Szanto will not help prove specific personal jurisdiction over the Trust.

Your request for the "books papers and records of the Las Vegas property deal" will also not prove specific personal jurisdiction.  This is true as the Trust, in the motion to dismiss for lack of personal jurisdiction, already attached all pertinent documents regarding the purchase and sale of that property. Attached to the motion for personal jurisdiction is the Grant, Bargain and Sale Deed demonstrating that Paul Szanto and Klara Szanto, as husband and wife purchased the property in Las Vegas.  Also attached is the January 21, 2001, Trustees Deed of Sale demonstrating that Paul Szanto and Klara Szanto sold the property in Las Vegas.  The Trust never owned any interest in the Las Vegas property. These exhibits are all that is necessary to prove that the Nevada does or does not have specific personal jurisdiction over the Trust.

Accordingly, we are unwilling to stipulate to premature discovery.

Sincerely,

LEVERTY & ASSOCIATES LAW CHTD.

Patrick R. Leverty

# Exhibit 3

# Exhibit 3

Escrow Number: 871855 MAH/mah

WHEN RECORDED, MAIL TO:
Paul Szanto and Klara Szanto
105 Baywood Avenue
Hillsborough CA 94010

RPTT:      $10,181.25
APN#:   138-23-124-061

## GRANT, BARGAIN and SALE DEED

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Summer Villas At Balzar, L.L.C., a Nevada LTD Liability Company**

do(es) hereby GRANT, BARGAIN, and SELL to

**Paul Szanto and Klara Szanto.** husband and wife as community property with right of survivorship
the real property situate in the County of Clark, State of Nevada, described as follows:

See exhibit "A" attached hereto for complete legal description and by reference made a part hereof.

Subject to:
1.     All general and special taxes for the fiscal year  1999-2000.
2.     Covenants, Conditions, Restrictions, Reservations, Rights, Rights of Way and Easements now of record.

TOGETHER with all tenements, hereditaments and appurtenances, including easements and water rights, if any, thereto belonging or appertaining, and any reversions, remainders, rents, issues or profits thereof.

Summer Villas At Balzar, L.L.C., a Nevada LTD Liability Co.

By:  Niel Dexter, Managing Member                 6-15-00
                                                                        Date

STATE OF NEVADA                    )
                                                 )  ss.
COUNTY OF CLARK                    )

This instrument was acknowledged before me
on  June 15 2000                          by
**Niel Dexter, Managing Member of Summer
Villas At Balzar, L.L.C., a Nevada LTD
Liability Co.**

Notary Public
(My commission expires: May 7, 2002)

NATALIE RIDER
Notary Public - Nevada
No. 94-1232-1
My appt. exp. May 7, 2002

*Exhibit A*

*Pg 1 of 2*

20000619
.01687

LV-871855-JL

## DESCRIPTION

ALL THAT REAL PROPERTY SITUATED IN THE COUNTY OF CLARK, STATE OF NEVADA, BOUNDED AND DESCRIBED AS FOLLOWS:

### PARCEL I:

UNIT ONE HUNDRED ONE (101), ONE HUNDRED TWO (102), TWO HUNDRED ONE (201), TWO HUNDRED TWO (202) IN BUILDINGS ONE THRU TEN (1-10) AND BUILDINGS THIRTEEN THRU FIFTEEN (13-15) ROCK SPRINGS VISTA, UNIT NO. 11, A CONDOMINIUM SUBDIVISION FILED PURSUANT TO THE PROVISIONS OF N.R.S. 116 RECORDED IN BOOK 79 OF PLATS, PAGE 32, IN THE OFFICIAL RECORDS OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA. AND AS DEFINED IN THAT CERTAIN DECLARATION OF RESTRICTICNS (ENABLING DECLARATION ESTABLISHING A PLAN FOR CONDOMINIUM OWNERSHIP OF SUMMER VILLAS AT BALZAR) RECORDED APRIL 6, 1998 IN BOOK 980406 OF OFFICIAL RECORDS, CLARK COUNTY, NEVADA; AS DOCUMENT NO. 01813 AND BY THAT CERTIFICATE OF AMENDMENT RECORDED MAY 20, 1997 IN BOOK 970520 AS INSTRUMENT NO. 00833 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

### PARCEL II:

AN UNDIVIDED 52/80TH INTEREST IN EACH UNIT IN AND TO THE COMMON ELEMENT AS SHOWN UPON ROCK SPRINGS VISTA, UNIT NO. 11, A CONDOMINIUM SUBDIVISION FILED PURSUANT TO THE PROVISIONS OF N.R.S. 116 RECORDED IN BOOK 79 OF PLATS, PAGE 32, IN THE OFFICIAL RECORDS OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA. AND AS DEFINED IN THAT CERTAIN DECLARATION OF RESTRICTIONS (ENABLING DECLARATION ESTABLISHING A PLAN FOR CONDOMINIUM OWNERSHIP OF SUMMER VILLAS AT BALZAR) RECORDED APRIL 6, 1998 IN BOOK 980406 OF OFFICIAL RECORDS, CLARK COUNTY, NEVADA, AS DOCUMENT NO. 01813.

### PARCEL III:

AN EXCLUSIVE USE EASEMENT OVER THAT PORTION OF THE COMMON ELEMENT SHOWN AS APPURTENANT BALCONIES, PATIOS, LANDINGS, STORAGE, STAIRS AND PARKING SPACES WHICH AREAS SHALL BE REFERRED TO AS LIMITED COMMON ELEMENTS AS SHOWN UPON THE PLAT OF ROCK SPRINGS VISTA, UNIT NO. 11, A CONDOMINIUM SUBDIVISION FILED PURSUANT TO THE PROVISIONS OF N.R.S. 116 RECORDED IN BOOK 79 OF PLATS, PAGE 32, IN THE OFFICIAL RECORDS OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA. AND AS DEFINED IN THAT CERTAIN DECLARATION OF RESTRICTIONS (ENABLING DECLARATION ESTABLISHING A PLAN FOR CONDOMINIUM OWNERSHIP OF SUMMER VILLAS AT BALZAR) RECORDED APRIL 6, 1998 IN BOOK 980406 OF OFFICIAL RECORDS, CLARK COUNTY, NEVADA, AS DOCUMENT NO. 01813.

("CONTINUED ON NEXT PAGE")

Exhibit A
Page 2 of 2

20000619
.01687

LV-871855-JL

PARCEL IV:

A NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS, PUBLIC UTILITIES AND PRIVATE STREETS OVER THE COMMON ELEMENT OF THE CONDOMINIUM PROJECT AS SHOWN UPON THE PLAT OF ROCK SPRINGS VISTA, UNIT NO. 11, A CONDOMINIUM SUBDIVISION FILED PURSUANT TO THE PROVISIONS OF N.R.S. 116 RECORDED IN BOOK 79 OF PLATS, PAGE 32, IN THE OFFICIAL RECORDS OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA. AND AS DEFINED IN THAT CERTAIN DECLARATION OF RESTRICTIONS (ENABLING DECLARATION ESTABLISHING A PLAN FOR CONDOMINIUM OWNERSHIP OF SUMMER VILLAS AT BALZAR) RECORDED APRIL 6, 1998 IN BOOK 980406 OF OFFICIAL RECORDS, CLARK COUNTY, NEVADA, AS DOCUMENT NO. 01813.

* * * * * * * * * *

BJH

CLARK COUNTY, NEVADA
JUDITH A. VANDEVER, RECORDER
RECORDED AT REQUEST OF:
FIRST AMERICAN TITLE COMPANY OF

06-19-2000 16:16   DMU           3
OFFICIAL RECORDS
BOOK: 20000619   INST:   01687
FEE:        9.00   RPTT:   10,181.25

# Exhibit 4

# Exhibit 4

**State of Nevada**
**Declaration of Value**

1. Assessor Parcel Number(s).
   a) 138-32-124-061
   b) _____
   c) _____
   d) _____

2. Type of Property:
   a) ☐ Vacant Land          b) ☐ Single Fam. Res.
   c) ☒ Condo/Twnhse         d) ☐ 2-4 Plex
   e) ☐ Apt. Bldg.           f) ☐ Comm'l/Ind'l
   g) ☐ Agricultural         h) ☐ Mobile Home
   i) ☐ Other _____

   **FOR RECORDERS OPTIONAL USE ONLY**
   Document/Instrument #: _____
   Book: _____ Page: _____
   Date of Recording: _____
   Notes: _____

3. Total Value/Sales Price of Property:       $ 262,062.14

   Deduct Assumed Liens and/or Encumbrances:  ( _____ )

   (Provide recording information: Doc/Instrument #: _____ Book: _____ Page: _____ )

   Transfer Tax Value per NRS 375.010, Section 2:  $ 262,062.14

   Real Property Transfer Tax Due:                 $ 650.25

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption, per NRS 375.090, Section: _____
   b. Explain Reason for Exemption: _____

5. Partial Interest: Percentage being transferred: _____ %

   The undersigned Seller (Grantor)/Buyer (Grantee), declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1 1/2% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

   **SELLER (GRANTOR) INFORMATION**
   Seller Signature: Sharon Ford
   Print Name: SHARON FORD
   Address: 5310 Kietzke #100
   City: Reno
   State: NV   Zip: 84511
   Telephone: 775 823-6200
   Capacity: Trustee

   **BUYER (GRANTEE) INFORMATION**
   Buyer Signature: _____
   Print Name: _____
   Address: _____
   City: _____
   State: _____ Zip: _____
   Telephone: (   ) _____
   Capacity: _____

   **COMPANY REQUESTING RECORDING**
   Co.Name: First American Title Company Of Nevada   Escrow # 2000-32361 PC

   (AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)

When recorded return to:
Summer Villas at Balzar, LLC
P.O. Box 30235
Las Vegas, NV 89180
Foreclosure No. 2000-32361-FC
A.P. No.: 138 23-124-061

R.P.T.T. $ 656.25

## TRUSTEE'S DEED UPON SALE

FIRST AMERICAN TITLE COMPANY OF NEVADA, a Nevada corporation (herein called Trustee) does hereby grant and convey, but without covenant or warranty, express or implied, to

SUMMER VILLAS AT BALZAR, LLC

(herein called Grantee) the real property in the County of Clark, State of Nevada, described as follows:

Parcel 1: Unit One Hundred One (101), One Hundred Two (102) Two Hundred One (201), Two Hundred Two (202) in Building One thru Ten (1-10) and Buildings Thirteen thru Fifteen (13-15) Rock Springs Vista, Unit No. 11, a Condominium Subdivision filed pursuant to the provisions of NRS 116 recorded in book 79 of Plats, Page 32, in the Official Records of the county Recorder, Clark County, Nevada and defined in that certain Declaration of Restrictions (enabling Declaration establishing a plan for condominium ownership of Summer Villas at Balzar) recorded April 6, 1998 in Book 980406 of Official Records, Clark County, Nevada, Document No. 01813 and by that Certificate of Amendment recorded May 20, 1997 in 970520 as Instrument No. 00833 in the office of the County Recorder of Clark County, Nevada.

Parcel II: An undivided 52/60th interest in each unit in and to the common element as shown upon Rock Springs Vista, Unit No. 11, a Condominium Subdivision filed pursuant to the provisions of NRS 116 recorded in Book 79 of Plats, page 32, in the official records of the County Recorder, Clark county, Nevada, and as defined in that certain Declaration of Restrictions (enabling Declaration establishing a plan for condominium ownership of Summer Villas at Balzar) recorded April 6, 1998 in Book 980406 of Official Records Clark County, Nevada, as Document no. 01813.

Parcel III: An exclusive use easement over that portion of the common element shown as appurtenant balconies, patios, landings, storage, stairs and parking spaces which areas shall be referred to as limited common elements as shown upon the plat of Rock Springs Vista, Unit No. 11, a condominium subdivision recorded pursuant to the provisions of NRS 116 recorded in book 79 of Plats, Page 32, in the official records of the county records Clark County, Nevada, and as defined in that certain Declaration of Restrictions (enabling Declaration establishing a plan for Condominium ownership of Summer Villas at Balzar) recorded April 6, 1998 in book 980406 of Official Records, Clark County, Nevada, Document No. 01813.

Parcel IV: A non-exclusive easement for ingress and egress, public utilities and private streets over the common element of the condominium project as shown upon the plat of Rock Springs Vista Unit No. 11, a Condominium subdivision filed pursuant to the provisions of NRS 116 recorded in Book 79 of Plats, Page 32, in the official records of the county records of Clark County, Nevada and as defined in that certain Declaration of Restrictions (enabling Declaration establishing a plan for condominium ownership of Summer Villas at Balzar) recorded April 6, 1998 in Book 980406 of Official Records, Clark County, Nevada, Document No. 01813.

this conveyance is made pursuant to the authority and powers vested in said Trustee, as Trustee, or Successor Trustee, or Substituted Trustee, under that certain Deed of Trust executed by Paul Szanto and Klara Szanto, husband and wife, as joint tenants as Trustors, recorded June 19, 2000, as Document No. 01688, in Book 20000619, of Official Records of said County.  The Notice of Default recorded September 28, 2000, as Document No. 02020, in Book 2000928, Official Records of Clark County, Nevada.  The trustee having complied with all applicable statutory requirements of the State of Nevada and performed all duties required by said Deed of Trust.

A Notice of Trustee's Sale was published once a week for three consecutive weeks commencing January 8, 2001 in the NEVADA LEGAL NEWS, a legal newspaper and at least twenty days before the date fixed therein for sale, a copy of said Notice of Trustee's Sale was posted in three public places namely: City Hall, Clark County Courthouse and South 3rd Street Building, 200 S. Third Street, all located in Las Vegas, Nevada.

At the place fixed in said Notice of Trustee's Sale, said Trustee did sell said property above described at public auction on January 29, 2001 to said Grantee, being the highest bidder therefor, for $262,062.14 credit, in full satisfaction of the indebtedness then secured by said Deed of Trust.

IN WITNESS WHEREOF, First American Title Company of Nevada as trustee, has this day, caused its corporate name and seal to be affixed hereto and this instrument to be executed by its authorized officer, thereunto duly authorized.

Dated: May 3, 2001

First American Title Company of Nevada, as
Trustee

By: _Sharon L. Ford_

Sharon L. Ford, Vice President

**STATE OF NEVADA**
**COUNTY OF WASHOE**

On May 3, 2001, before me, the undersigned, a Notary Public in and for said State, personally appeared Sharon L. Ford known to me to be an authorized officer and Vice President of First American Title Company of Nevada, the corporation therein named, and acknowledged to me that such corporation executed the same as Trustee. Witness my hand and official seal.

_Lucy McGuire_
NOTARY PUBLIC

LUCY McGUIRE
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 98-2089-2 - Expires April 24, 2002

2

LV-897297-KLK

## DESCRIPTION

ALL THAT REAL PROPERTY SITUATED IN THE COUNTY OF CLARK, STATE OF NEVADA, BOUNDED AND DESCRIBED AS FOLLOWS:

PARCEL I:

UNIT ONE HUNDRED ONE (101), ONE HUNDRED TWO (102), TWO HUNDRED ONE (201), TWO HUNDRED TWO (202) IN BUILDING FOUR (4) ROCK SPRINGS VISTA, UNIT NO. 11, A CONDOMINIUM SUBDIVISION FILED PURSUANT TO THE PROVISIONS OF N.R.S. 116 RECORDED IN BOOK 79 OF PLATS, PAGE 32, IN THE OFFICIAL RECORDS OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA. AND AS DEFINED IN THAT CERTAIN DECLARATION OF RESTRICTIONS (ENABLING DECLARATION ESTABLISHING A PLAN FOR CONDOMINIUM OWNERSHIP OF SUMMER VILLAS AT BALZAR) RECORDED APRIL 6, 1998 IN BOOK 980406 OF OFFICIAL RECORDS, CLARK COUNTY, NEVADA, AS DOCUMENT NO. 01813 AND BY THAT CERTIFICATE OF AMENDMENT RECORDED MAY 20, 1997 IN BOOK 970520 AS INSTRUMENT NO. 00833 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

PARCEL II:

AN UNDIVIDED 4/60TH INTEREST IN EACH UNIT IN AND TO THE COMMON ELEMENT AS SHOWN   UPON ROCK SPRINGS VISTA, UNIT NO. 11, A CONDOMINIUM SUBDIVISION FILED PURSUANT TO THE PROVISIONS OF N.R.S. 116 RECORDED IN BOOK 79 OF PLATS, PAGE 32, IN THE OFFICIAL RECORDS OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA. AND AS DEFINED IN THAT CERTAIN DECLARATION OF RESTRICTIONS (ENABLING DECLARATION ESTABLISHING A PLAN FOR CONDOMINIUM OWNERSHIP OF SUMMER VILLAS AT BALZAR) RECORDED APRIL 6, 1998 IN BOOK 980406 OF OFFICIAL RECORDS, CLARK COUNTY, NEVADA, AS DOCUMENT NO. 01813.

PARCEL III:

AN EXCLUSIVE USE EASEMENT OVER THAT PORTION OF THE COMMON ELEMENT SHOWN AS APPURTENANT BALCONIES, PATIOS, LANDINGS, STORAGE, STAIRS AND PARKING SPACES WHICH AREAS SHALL BE REFERRED TO AS LIMITED COMMON ELEMENTS AS SHOWN UPON THE PLAT OF ROCK SPRINGS VISTA, UNIT NO. 11, A CONDOMINIUM SUBDIVISION FILED PURSUANT TO THE PROVISIONS OF N.R.S. 116 RECORDED IN BOOK 79 OF PLATS, PAGE 32, IN THE OFFICIAL RECORDS OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA. AND AS DEFINED IN THAT CERTAIN DECLARATION OF RESTRICTIONS (ENABLING DECLARATION ESTABLISHING A PLAN FOR CONDOMINIUM OWNERSHIP OF SUMMER VILLAS AT BALZAR) RECORDED APRIL 6, 1998 IN BOOK 980406 OF OFFICIAL RECORDS, CLARK COUNTY, NEVADA, AS DOCUMENT NO. 01813.

("CONTINUED ON NEXT PAGE")

- 7 -

LV-897297-KLK

PARCEL IV:

A NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS, PUBLIC UTILITIES
AND PRIVATE STREETS OVER THE COMMON ELEMENT OF THE CONDOMINIUM
PROJECT AS SHOWN UPON THE PLAT OF ROCK SPRINGS VISTA, UNIT NO. 11,
A CONDOMINIUM SUBDIVISION FILED PURSUANT TO THE PROVISIONS OF
N.R.S. 116 RECORDED IN BOOK 79 OF PLATS, PAGE 32, IN THE OFFICIAL
RECORDS OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA, AND AS
DEFINED IN THAT CERTAIN DECLARATION OF RESTRICTIONS (ENABLING
DECLARATION ESTABLISHING A PLAN FOR CONDOMINIUM OWNERSHIP OF SUMMER
VILLAS AT BALZAR) RECORDED APRIL 6, 1998 IN BOOK 980406 OF OFFICIAL
RECORDS, CLARK COUNTY, NEVADA, AS DOCUMENT NO. 01813.


* * * * * * * * * *


PCL

CLARK COUNTY, NEVADA
JUDITH A. VANDEVER, RECORDER
RECORDED AT REQUEST OF:
FIRST AMERICAN TITLE COMPANY OF
05-25-2001 09:04    STX        4
                    OFFICIAL RECORDS
BOOK: 20010525 INST:        00718
FEE:        10.00 RPTT:        656.25

- 8 -