**PETER SZANTO** in propria personna
P. O. BOX 10451
NEWPORT BEACH  CA  92658
949  887  2369

# UNITED STATES DISTRICT COURT

### in and for THE DISTRICT OF NEVADA

| | |
|---|---|
| PETER **SZANTO**, Plaintiff, | Case No. 2:06-cv-00048 |
| vs. | RESPONSE and OPPOSITION TO MOTION |
| KLARA **SZANTO** (deceased), | TO DISMISS FOR INSUFFICIENT |
| **THE ESTATE OF KLARA SZANTO**, | SERVICE OF PROCESS |
| PAUL **SZANTO**, PAUL and **KLARA SZANTO** | and |
| **REVOCABLE TRUST** dated March 19, 1991 | POINTS AND AUTHORITIES IN |
| Defendants | SUPPORT THEREOF |
| | Honorable Chief Judge Philip M. Pro |
| | Response due  May 26, 2006 |

  Defendants assert that service on Paul Szanto as the executor of the estate of Klara Szanto was improper. This is untrue. Document 4, filed in this case on February 2, 2006, is proof of personal service, on January 16, 2006, upon Paul Szanto in his capacity as the administrator / executor of the Estate of Klara Szanto. The justification for this service derives from the Will of Klara Szanto dated September 26, 1996; which is incorporated in the body of this response as pages 3-10 . On the first page of that will, page 3 in this document, is the nomination of Paul Szanto as executor. Klara Szanto died on December 5, 2005 in California, see Death Certificate incorporated in body of this document as page 11. Pursuant to Cal. Probate Code § 6203  the executor of a will is the

**OPPOSE DISMISSAL FOR INSUFFICIENT SERVICE OF PROCESS  - 1**

person so designated. Pursuant to Cal. Probate Code § 7000 title to property passes at the moment of death, which is likewise the moment, on December 5, 2005, at which Paul Szanto's executorship began.

Executorships can lapse or be renounced, but until such time, they are effective Twentieth Century Fox Film et al v. Entertainment Distributing 429 F.3d 869 (2005).

Also, Courts accept a broad range of sufficiency of service where logic and good sense would indicate the papers would suffice to give ample notice. Service was not insufficient where copy of summons and complaint was left with 12-year old son ( a minor, and in some states under the age of reason) of defendant who possessed ample intelligence to deliver papers to his father and therefore dismissal is not appropriate. Durham Productions, Inc. v Sterling Film Portfolio, Ltd., Series A (1982) 537 F Supp 1241.

Upon this basis service upon Paul Szanto as executor of the Estate of Klara Szanto was proper and service of process was sufficient to give the Estate of Klara Szanto proper notice. The motion to dismiss must therefore be denied.

Respectfully submitted,

DATED  May 26, 2006                        /s/ Peter Szanto  PETER SZANTO

//////   follows herewith Will of Klara Szanto
 and Death Certificate of Klara Szanto

OPPOSE DISMISSAL FOR INSUFFICIENT SERVICE OF PROCESS  - 2

WILL OF
KLARA SZANTO



I, KLARA SZANTO, a resident of the City of Hillsborough, County of SAN MATEO, California, declare this to be my Will, and I hereby revoke all wills and codicils previously made by me.

ONE: FAMILY DECLARATION.

1.1  I am married to PAUL SZANTO, and all references in this Will to "my spouse" are to him.

I have four children whose names and birth dates are as follows:

| PETER SZANTO | September 4, 1950 |
| BARBARA ALEXANDER | February 7, 1957 |
| VICTOR A. SZANTO | August 11, 1958 |
| ANTHONY SZANTO | October 19, 1960 |

I have no other children, living or deceased.

TWO:  NOMINATION OF EXECUTOR.

2.1  Nomination of Executor.  I nominate my spouse, PAUL SZANTO, as Executor of this Will.  If he shall for any reason fail to qualify or cease to act as Executor, I nominate my sons, VICTOR A. SZANTO and ANTHONY SZANTO, as Co-Executors, and if for any reason one of them should fail to qualify or ceases to act, the other shall act as sole Alternate Executor.

2.2  Bond.  I request that no bond be required of any Executor nominated in this Will.

THREE:  LIVING TRUST.

3.1  References in this Will to the PAUL AND KLARA SZANTO REVOCABLE TRUST are to that certain Trust (as from time to time the same may be amended) which was initially created and established on March 19, 1991, as amended, by me and PAUL SZANTO as the Settlors and as the initial Trustees.  Such Trust is

YOUNG, VOGL, HARLICK,
WILSON & SIMPSON LLP
ATTORNEYS AT LAW
425 CALIFORNIA STREET, SUITE 2500

the Settlors and as the initial Trustees. Such Trust is hereinafter referred to as the "PAUL AND KLARA SZANTO REVOCABLE TRUST."

FOUR: TANGIBLE ARTICLES OF A PERSONAL NATURE AND POWER OF APPOINTMENT.

4.1 Tangible Articles of a Personal Nature. I give all my household furniture, furnishings and automobiles or my interests in any such property, which are not already owned by the PAUL AND KLARA SZANTO REVOCABLE TRUST, and which are not otherwise specifically disposed of by this Will or in any other manner, together with any insurance on such property to the Trustee of the PAUL AND KLARA SZANTO REVOCABLE TRUST.

4.2 Power of Appointment. I specifically refrain from exercising any power of appointment I may have.

4.3 Interests in Retirement Plans and Individual Retirement Accounts. I give all my interests in retirement plans, 401(k) plans, Individual Retirement Accounts, and any other retirement plans or retirement accounts to my spouse.

FIVE: RESIDUE OF MY ESTATE.

5.1 I give the entire residue of my estate to the Trustee of the PAUL AND KLARA SZANTO REVOCABLE TRUST. My residuary estate shall be added to, administered and distributed as part of the PAUL AND KLARA SZANTO REVOCABLE TRUST, according to the terms of the PAUL AND KLARA SZANTO REVOCABLE TRUST and any amendment(s) made to it before my death. To the extent permitted by law, it is not my intent to create a separate trust by this Will or to subject the PAUL AND KLARA SZANTO REVOCABLE TRUST or the property added to it by this Will to the jurisdiction of the probate court, except as provided in the PAUL AND KLARA SZANTO REVOCABLE TRUST (or as hereafter amended). If such disposition is not operative, or is

2

invalid for any reason, or if the PAUL AND KLARA SZANTO REVOCABLE TRUST fails or has been revoked, then I hereby incorporate by reference the terms of the PAUL AND KLARA SZANTO REVOCABLE TRUST, as executed on the date of this Will without giving effect to any amendments made subsequent to the date of this Will, and I give my residuary estate to the Trustee named in said Trust, to be held, administered and distributed in accordance with the terms of the PAUL AND KLARA SZANTO REVOCABLE TRUST as of this date.

SIX: PROVISIONS CONCERNING THE EXECUTOR.

6.1 Sales or Leases of Assets. I authorize the Executor to sell all or any part of the property of my estate at public or private sale, with or without notice, or to lease or grant options, or to purchase the same upon such terms as the Executor deems proper.

6.2 Distribution to a Minor or to a Beneficiary with a Disability. If, at the date of distribution of any property from my estate, the beneficiary of such property is a minor, or under any other legal disability, or unable, in the Executor's opinion, to handle the property properly by reason of mental or physical illness or disability, the Executor is empowered to distribute the property, in the Executor's sole discretion, to any one or more of the following persons for the benefit of the beneficiary:

(a) The beneficiary directly;

(b) A legally appointed conservator or guardian of the person or the estate of the beneficiary; or

(c) If the beneficiary is a minor, his or her parent or custodian under any applicable Uniform Transfers to Minors Act, provided, that if no custodian is then in existence, the Executor is empowered to designate a custodian for this purpose from among those persons qualified to serve. I authorize the Executor to accept the receipt of any such distributee in full satisfaction and discharge of the distribution of such property.

3

T:\W1\17323\KS2WILL09.26

6.3 **Distribution of Assets.** In any case in which the Executor is required, according to the provisions of this Will, to divide any property into parts or shares for the purpose of distribution, or otherwise, the Executor is authorized, in the Executor's discretion, to make the division and distribution in identical interests, in kind, or partly in kind and partly in money, pro rata or non-pro rata, and for this purpose to make such sales of the property as the Executor may deem necessary on such terms and conditions as the Executor determines.

6.4 **No Interests on Bequests.** No bequest provided for in this Will or in any codicil hereto shall bear interest if not paid or satisfied within any period prescribed by law.

6.5 **Investment of Funds.** Subject to the applicable provisions of law, including at present Sections 9652 and 9732 of the Probate Code of California, I authorize the Executor to invest and reinvest such funds of my estate as said provisions of law permit and as the Executor deems advisable in any kind of property, real, personal or mixed, specifically including, but not by way of limitation, improved and unimproved real property, corporate and government obligations of every kind (whether local, state or federal), stocks (preferred and common), shares of mutual funds of any and every character and stocks, obligations and shares or units of common trust funds of any corporate fiduciary and interests in limited partnerships. Notwithstanding the foregoing investment authorization, the Executor shall not be liable for the failure to exercise the powers granted in this paragraph.

6.6 **Employment of Investment Counsel.** I authorize the Executor, without obtaining any authorization from the court having jurisdiction of my estate to do so, to employ professional investment counsel upon such terms as the Executor deems proper and to pay the fees of such counsel as an expense of administration of my estate; provided, however, that the Executor is under no obligation to employ any such investment counsel.

4

T:\W1\17323\KSZWLL09.26

YOUNG, VOGL, HARLICK,
WILSON & SIMPSON LLP
ATTORNEYS AT LAW
425 CALIFORNIA STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94104

SEVEN:  PROVISIONS CONCERNING TAXES.

7.1  Payment of Death Taxes.  All inheritance, estate and other death taxes which may be or become payable upon or by reason of my death or by any person or persons on account of the interest in my estate which I have given to him, her or them, or which shall be included as a part of my estate for the purposes of any such tax or taxes and whether or not any such tax or taxes shall pertain to property which shall be subject to the provisions of this Will, together with all interest and penalties, if any, that may accrue on account thereof, and all costs, expenses of litigation, counsel fees and other charges incurred in connection therewith, and all expenses of my funeral and last illness and all expenses of administration of my estate shall be paid by the Trustee out of the PAUL AND KLARA SZANTO REVOCABLE TRUST as more fully provided for in Article Four of said Trust.  If, at the time of my death, said Trust is not in existence, then I direct said taxes and expenses or the portion thereof, as the case may be (excluding any additional tax that may be assessed under Internal Revenue Code section 2032A) including interest and penalties, shall be prorated and apportioned among the persons interested in such property as provided in California Probate Code sections 20100-20225 or any similar law and collected from or charged to those persons before distribution of my estate.

7.2  Valuation of Assets for Distribution.  Notwithstanding any other provision of this Will to the contrary, the valuation of all assets distributed by my Executor in satisfaction of a bequest hereunder shall be the value of such assets as of the date of distribution.

7.3  Tax Returns.  I authorize the Executor to make the following choices or elections in the Executor's discretion, regardless of the resulting effect on any other provisions of this Will or on any person interested in my estate or in the amount of any of the taxes referred to:

5

T:\W1\17323\KSZWLL09.26

YOUNG, VOGL, HARLICK,
WILSON & SIMPSON LLP
ATTORNEYS AT LAW
425 CALIFORNIA STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94104

(a) Choose a valuation date for estate or inheritance tax purposes or choose the methods to pay estate or inheritance taxes;

(b) Elect to treat or use an item, for either federal or state tax purposes, either as an income tax deduction or as a death tax deduction;

(c) Determine when a particular item is to be treated as taken into income or used as a tax deduction, to the extent the law provides that choice; and

(d) Disclaim all or any portion of any interest in property passing to my estate at or after my death. No person adversely affected by any of these foregoing choices is entitled to any reimbursement or adjustment and the Executor is not required to make any adjustment between income and principal or in the amount of any property passing under this Will as a result of any election under this provision.

EIGHT: MISCELLANEOUS.

8.1 Disinheritance. Except as otherwise provided in this Will and in the PAUL AND KLARA SZANTO REVOCABLE TRUST, I intentionally and with full knowledge omit to provide for and I hereby disinherit all of my heirs who may be living at the time of my death.

8.2 Unmentioned Heirs. If any court of competent jurisdiction finds that there is any relative of mine in any degree or any other person entitled to share in my estate as an heir at law or otherwise who is not mentioned or provided for in this Will or in the PAUL AND KLARA SZANTO REVOCABLE TRUST, then I give to each such person the sum of Five Dollars and no more.

8.3 No Contest Clause. If any beneficiary under my Will in any manner, directly or indirectly, contests my Will or any of its provisions in any legal proceeding that is designed to thwart my wishes as expressed in my Will, any share or interest in

my estate given to that contesting beneficiary under my Will is revoked and shall be disposed of under the terms of my Will as if that contesting beneficiary had predeceased me without issue.

8.4 Independent Administration. My estate may be administered under the California Independent Administration of Estates Act.

NINE: SEVERABILITY CLAUSE.

9.1 If any provisions of this Will are unenforceable, the remaining provisions shall remain in full effect.

Executed on September 26, 1996 at San Francisco, California.

*[signatures]*

The foregoing instrument, consisting of eight (8) pages, including this page and the next, signed by us as witnesses, was on the date written below, signed, published and declared by KLARA SZANTO, the testator, to be the Will of the testator, in the presence of us who, at the testator's request, in the presence of the testator and in the presence of each other, have subscribed our names as witnesses thereto. Each of us observed the signing of this Will by the testator, and by each other subscribing witness, and knows that each signature is the true signature of the person whose name was signed.

Each of us is now more than eighteen years of age and a competent witness and resides at the address set forth after each of our names.

7

T:\W1\17323\KSZWLL09.26

We are acquainted with KLARA SZANTO who is over the age of eighteen years, and to the best of our knowledge is of sound mind and is not acting under duress, menace, fraud, misrepresentation or undue influence.

We declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on September 26, 1996 at San Francisco, California.

_/s/ Alan J. Vogl_ residing at 214 Hillside Ave, Piedmont, CA 94611

_/s/ Margaret A. Bayla_ residing at 765 Teresita Blvd., San Francisco, CA 94127

8

T:\W1\17323\KSZWLL09.26

YOUNG, VOGL, HARLICK,
WILSON & SIMPSON LLP
ATTORNEYS AT LAW
425 CALIFORNIA STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94104

# COUNTY OF SAN MATEO
## REDWOOD CITY, CALIFORNIA

**CERTIFICATE OF DEATH** — 3200541004257

| Field | Value |
|---|---|
| Name | Klara — Szanto |
| Date of Birth | 05/11/1925 |
| Age | 80 |
| Birthplace | Hungary |
| SSN | 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 |
| Marital Status | Married |
| Date of Death | 12/05/2005 |
| Hour | 0445 |
| Education | HS Graduate |
| Race | Caucasian |
| Usual Occupation | Owner |
| Kind of Business | Wholesale Jewelry |
| Years in Occupation | 30 |
| Residence | 105 Baywood Avenue |
| City | Hillsborough |
| County | San Mateo |
| Zip | 94010 |
| Years in County | 40 |
| State | California |
| Informant | Victor Szanto (Son) |
| Informant Address | 22780 Daha Drive – Red Bluff, CA 96080 |
| Spouse | Paul Szanto |
| Father | Steven Michelfeit — Hungary |
| Mother | Irene Klein — Hungary |
| Disposition Date | 12/07/2005 |
| Place of Final Disposition | Skylawn Memorial Park – Rte 35 & Hwy 92 – San Mateo, CA 94402 |
| Type of Disposition | Burial |
| Funeral Establishment | Skylawn San Bruno Funeral Home — FD-692 |
| License # | 7866 |
| Physician | SCOTT A. MORROW, M.D. |
| Date Signed | 12/06/2005 |
| Place of Death | Usual Residence |
| Death County | San Mateo |
| Facility Address | 105 Baywood Avenue |
| City | Hillsborough |
| Immediate Cause | MYOCARDIAL INFARCTION — 30 MIN |
| | HYPERTENSION — 20 YRS |
| Other Conditions | CHRONIC RENAL FAILURE |
| Operation Performed | NO |
| Physician Dates | 08/11/1999 / 10/17/2005 |
| Attending Physician | Paul Jenetian MD 50 South San Mateo Drive–San Mateo, CA 94403 |
| License # | G073687 |
| Date | 12/05/2005 |

FAX AUTH # 41-205-1925

---

**CERTIFIED COPY OF VITAL RECORDS**

*000375072*

STATE OF CALIFORNIA
COUNTY OF SAN MATEO } SS

DATE ISSUED  JAN 11 2006



WARREN SLOCUM
Assessor-County Clerk-Recorder
San Mateo County

This is a true and exact reproduction of the document officially registered and placed on file in the office of the San Mateo County Assessor-County Clerk-Recorder

This copy not valid unless prepared on engraved border displaying seal and signature of Recorder.



ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

**  PROOF OF SERVICE BY MAIL**

1. My name is Cathy Garcia, I am over 18 years of age and not a party to the within action.

2. My business address is P.O. Box 10451, Newport Beach CA 92658.

3. On May 26, 2006, I personally placed the within :

- RESPONSE AND OPPOSITION TO MOTION TO DISMISS FOR INSUFFICIENCY

- OF SERVICE and POINTS AND AUTHORITIES IN SUPPORT THEREOF

 ____…… into an envelope and sealed that envelope.

I affixed sufficient 1st class postage to assure deliver and deposited

said envelope in the US Mail addressed as:

Vernon E. Leverty, 832 Willow Street, Reno NV 89502

said mailing was accomplished in Orange County CA, where I am employed.

I declare under penalty of perjury that the foregoing is true and correct under the laws of

the United States of America. May 26,2006

signed electronically__cathy garcia____ Cathy Garcia

**OPPOSE DISMISSAL FOR INSUFFICIENT SERVICE OF PROCESS  - 12**