PETER SZANTO in propria personna
P. O. BOX 5744
IRVINE  CA  92616
949 887 2369

# UNITED STATES DISTRICT COURT

## in and for THE DISTRICT OF NEVADA

| | |
|---|---|
| PETER <u>SZANTO</u>, Plaintiff, | <u>Case No. 2:06-cv-00048</u> |
| vs. | <u>FIRST AMENDED</u> |
| KLARA <u>SZANTO</u> (deceased), | <u>COMPLAINT FOR DAMAGES</u> |
| <u>THE ESTATE OF KLARA SZANTO</u>, | <u>BREACH of CONTRACT</u> |
| PAUL <u>SZANTO</u>, PAUL and <u>KLARA SZANTO</u> | <u>BREACH of FIDUCIARY DUTY</u> |
| <u>REVOCABLE TRUST</u>  dated March 19, 1991 | NEGLIGENT MISREPRESENTATION |
| Defendants | <u>Honorable Chief Judge Philip M. Pro</u> |

1. The plaintiff is the natural son of Paul Szanto and Klara Szanto, who in spite of this action loves his parents very much.

2. Plaintiff, Peter Szanto, by this action names his father, Paul Szanto, defendant and seeks recovery from him upon the allegations stated below.

3. Plaintiff, Peter Szanto, by this action names his mother, Klara Szanto, defendant and seeks recovery from her estate upon the allegations stated below.

4. Plaintiff, Peter Szanto, by this action names his parents executory trust, the Paul and Klara Szanto Revocable Trust, defendant and seeks recovery from that Trust upon the allegations stated below.

5. The events which are the basis for this action began in 1996 and continue today.

**FIRST AMENDED COMPLAINT - 1**

6. At the time of the commencement of the events in this action, diversity existed between plaintiff, a citizen of Georgia, and defendants, citizens of California.

7. The primary gravaman of this action involves that real property known as, and in the vicinity, of 2216 Benmore Street, Las Vegas, NV 89108. Which will henceforth be referred to as the Las Vegas Project.

8. Therefore, on the basis of diversity and real property within this district, jurisdiction before this honorable Federal District Court is appropriate.

9. In November 1996, Paul Szanto and Klara Szanto revealed to Peter Szanto the sale of the elder Szantos' businesses, including, but not limited to those ventures known as Santo Studio, Hermes Co., Her Company, Hermes Gallery and Herco Corporation.

10. Analyses of those sales transaction revealed the sales price to be woefully inadequate; and Paul and Klara Szanto expressed great remorse at having entered into those sales transactions.

11. From that time in November 1996, Peter Szanto counseled and consulted with the elder Szantos in an attempt to:
    a. recoup their lost business' sale profits by either rescinding or reforming the sales contracts.
    b. obtaining psychological counseling for defendants so as to encourage them to exit the morass of regret, self-lothing and depression in which they dwelt from the regretted sales of their businesses.
    c. focus them on new business ventures, new investments and new personal relationships.
    d. develop stronger bonds with their grandchildren.

12. Peter Szanto's efforts described in # 11 above form part of the consideration,

FIRST AMENDED COMPLAINT - 2

along with other monetary consideration, other personal consideration, forbearances, forgiveness of past indebtedness, plaintiff's detrimental reliance on defendants' promises and many other acts by plaintiff for the benefit of the defendants which created various actual and implied in fact, oral, written and real property contracts between the parties.

13. Peter Szanto is a licensed Real Estate Broker in California and the United Kingdom. He is also a member of the National Association of Realtors; and the California Association of Realtors.

### First Cause of Action: Breach of Contract

14 . Statements 1- 13 are incorporated as though fully set forth here.

15. In late 1999 through early 2000, the plaintiff and defendants began discussions about their joint participation in a real estate venture herein after referred to as the Las Vegas Project.

16. The defendants, who frequently vacationed in Las Vegas, had positive thoughts about investing in Las Vegas residential real estate.

17. Because of his love, respect and admiration for his parents' and their business acumen, plaintiff accepted as true many propositions that defendants told him, without the in-depth inquiry he would have conducted with others.

18. When defendants told plaintiff about their intention to invest in that real property known as, and in the vicinity, of 2216 Benmore Street, Las Vegas, NV 89108; plaintiff agreed to partner's participation in an aggregate amount of $1,500,000.00, or a 1/3 (33.333%) share of the total transaction.

FIRST AMENDED COMPLAINT - 3

19. Plaintiff's participation was a combination of consideration in the form of cash, the forgiveness of past indebtedness , the promise of future assistance in the Las Vegas project and other ventures. monetary consideration, other personal consideration, forbearances,  plaintiff's detrimental reliance on defendants' promises and many other acts by plaintiff for the benefit of the defendants which created various actual and implied in fact, oral, written and real property contracts between the parties.

20. Defendants told plaintiff that title in that real property known as, and in the vicinity, of 2216 Benmore Street, Las Vegas, NV 89108 had vested to the three of them as joint tenants with rights of survivorship.

21. Because of the familial relationship of the parties, the formalities of their intended contract(s), to which they all intended to be bound, were respected, but are tacked together from various sources, most of which are written, but also some of which are writings, photographs, documents and ledgers which may no longer exist.

22. The mutuality of the offers for the contract between the parties was that Peter offered to facilitate the essential goal of the project which was to convert condominiums into timeshare ownership units; Paul and Klara offered to provided most of the initial capital and working capital to fund the project; Paul and Klara also offered to provide (either by themselves or through property managers or contractors) the daily operational expertise for management of the rental property.

23. The mutuality of acceptance for the contract between the parties was that Peter accepted the responsibility to facilitate the conversion of the existing condominiums into timeshare units; Paul and Klara accepted the responsibility

FIRST AMENDED COMPLAINT - 4

of providing the initial capital to purchase the property and the coordination of day-to-day operations.

24. The mutuality of consideration for the contract between the parties was that Peter gave to defendants a combination of consideration in the form of cash, the forgiveness of past indebtedness, the promise of future assistance in the Las Vegas project and other ventures. monetary consideration, other personal consideration, forbearances, plaintiff's detrimental reliance on defendants' promises and many other acts by plaintiff for the benefit of the defendants which created various actual and implied in fact, oral, written and real property contracts between the parties. The consideration given by Paul and Klara was the part ownership they vested to Peter of that real property known as the Las Vegas Project after they received a community property deed.

25. The mutuality of agreement between the parties was that all of the parties agreed and promised to perform as outlined above and all parties did, in fact, begin their performances as obligated to and as described above and below.

26. The mutuality of obligation between the parties was that Peter was obligated to facilitate the conversion from condominium ownership to time-share ownership and to provide his special expertise to the project; Paul and Klara were obligated to provide working capital and their special expertise to the Las Vegas project.

27. And ultimately, the most significant evidence of the existence and validity of the contract, series of contracts, between the parties is that the parties expressed, by a multitude of words and acts their intent to be bound to the terms, obligations and potential benefits of their agreement(s).

28. Limitation of action is inapplicable because this action was commenced on

FIRST AMENDED COMPLAINT - 5

January 12, 2006. Pursuant to <u>NRS</u> 11.190 "Periods of limitation. Actions other than those for the recovery of real property, unless further limited by specific statute, may only be commenced as follows:

1. Within 6 years: (b) An action upon a contract, obligation or liability founded upon an instrument in writing, except those mentioned in the preceding sections of this chapter." So as to portions of this action evidenced by a Deed delivered to defendants on June 15, 2000, this action is timely brought.

29. From June 15, 2000 until December 2005, defendants consistently told plaintiff that the investment was requiring the reinvestment of all income from rents into upgrades and development of the property; rental income was also being used to pay utilities, property taxes, the salaries of various maintenance and managerial personnel; and that the property was not yet ready for timeshare conversion; Peter's obligations were thus abated by consent / order of the defendants.

30. As, on so many numerous occasions, because plaintiff was working with his parents, he did not pursue further interrogations about the matter. The due diligence plaintiff conducted was that he believed-in and relied-upon his parents judgment, experience and capabilities. And his parents had always been scrupulously forthright in the past as to all business and investment matters. Plaintiff never considered his parents would mislead him.

31. Because there were no profits, plaintiff had no need to include the accounts of the Las Vegas Project on his Income Tax personal or partnership forms, because the Internal Revenue Service Codes do not mandate the reporting of losses until there are off-setting profits.

32. The actual date of the breach of the contract between the parties will be shown by proof; but presently one important date in this action is January 29, 2001, the date on which the trustee of the Deed of Trust securing the property, sold the property with neither proper, due nor adequate notice to plaintiff.

33. The breach of contract likely occurred because the defendants did not maintain payments upon the property's indebtedness as was part of their obligation in the contract between the parties. Defendants failed to perform their obligation of providing adequate capital to the project; or timely asking for financial assistance from plaintiff. And these facts caused defendants to breach their contract with plaintiff.

34. Plaintiff relied to his detriment on the abiding and repeated assurances by defendants that they properly, continuously, adequately and without fail were fulfilling their obligations as articulated in the contract (series of contracts) that formed the contract(s) between the parties as described above.

35. Plaintiff has performed all obligations to defendants and to the Las Vegas Project, except those obligations that plaintiff was prevented and / or excused from performing.

36. Plaintiff suffered damages legally (proximately) caused by defendants' breach of the agreement(s) / contract (s) as described above. This damage consisted of money loses, expectation losses and other financial losses to be shown by proof.

37. Whereon, this action seeks restitution of those money's that plaintiff has effectively, and in fact, committed to the Las Vegas Project which were lost due to defendants' breach, in the amount of $1,500,000.00 and the future profits that would normally been expected from a project of this nature.

38. Plaintiff also seeks damages to his expectations for his investment with defendants also in the amount of $1,500,000.00.

## Second Cause of Action: Breach of Fiduciary Duty

39. Paragraphs 1-38 are restated here as though fully set forth here.

40. The business form of the Las Vegas project, to the extent that it was discussed by the parties was that of a partnership.

41. Pursuant to NRS 87.060 Partnership defined: "Except as otherwise provided….. a partnership is an association of two or more persons to carry on as co-owners a business for profit."

42. Pursuant to NRS 87.210 Partner accountable as fiduciary: "Every partner must account to the partnership for any benefit and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property. This section applies also to the representatives of a deceased partner engaged in the liquidation of the affairs of the partnership as the personal representatives of the last surviving partner."

43. Here, in defiance of NRS 87.210, defendants did not reveal, nor give due and adequate notice to their partner, the plaintiff, about problems, including the ultimate foreclosure, with the Las Vegas Project; these acts, failures to act, are the breach(es) of fiduciary duty of which plaintiff complains.

44. The failure to give notice was a breach of defendants' fiduciary responsibilities. Because of, and as a proximate cause of that breach, plaintiff suffered damages legally caused by that breach in the amount of $1,500,000.00 and

the future profits that would normally have been expected from a project of this nature.

### Third Cause of Action: Negligent Misrepresentation

45. Paragraphs 1-44 are restated here as though fully set forth here.

46. During the course of the parties' partnership business as described above, defendants provided false, misleading and incomplete material information to plaintiff about the Las Vegas Project. The communication of that false material information was made either intentionally, negligently, or in conscious disregard of its truth or falseness.

47. Because of partners' fiduciary relationship, plaintiffs had a duty to provide truthful, accurate and complete information to plaintiff. Defendants breached that duty by not providing information upon which plaintiff could make proper and reasoned decisions about the Las Vegas Project.

48. The false information provided by defendants created liability for the pecuniary losses sustained by plaintiff because of plaintiff's justifiable reliance upon the false, misleading and inaccurate information provided by defendants.

49. Defendants knew, or should have known, to a reasonable certainty that their failures to exercise reasonable care or competence in obtaining, disseminating or communicating false, misleading, inconsistent information to plaintiff about the Las Vegas Project would cause plaintiff financial loss, because plaintiff would be disinclined to act in countervention of his parents' words and desires.

50. By the providing of false, misleading and inaccurate information, whether

FIRST AMENDED COMPLAINT - 9

**intentionally or negligently or with reckless disregard for whether the information was true or false, defendants were the legal and proximate cause of damage to plaintiff, because plaintiff acted to his detriment by justifiably relying on that information as though it were true and accurate.**

**51. The negligent failure to give accurate information about the Las Vegas Project was a breach of defendants' fiduciary duties. Because of, and as a proximate cause of that breach, plaintiff suffered damages legally caused by that breach in the amount of $1,500,000.00 and the future profits that would normally been expected from a project of this nature.**

**Measurement of Time for Accrual of these Actions**

**52. Plaintiff discovered the true depth and extent of defendants' failures to communicate to him the truth about the Las Vegas Project shortly after Klara Szanto's demise in December 2005.**

**53. Pursuant to NRS 11.190 Periods of limitation…… "actions other than those for the recovery of real property, unless further limited by specific statute, may only be commenced as follows:….3. Within 3 years:…..(d) Except as … an action for relief on the ground of fraud or mistake, but the cause of action in such a case shall be deemed to accrue upon the discovery by the aggrieved party of the facts constituting the fraud or mistake.**

**54. Because the causes of action as to Breach of Fiduciary Duty and Negligent Misrepresentation sound either in plaintiff's mistake, inadvertence or excusable neglect or else in defendants' intentional deception or fraud, these actions did not accrue until December 2005, when plaintiff can first be reasonably**

**charged with knowledge of defendants' failures to communicate to him the truth about the Las Vegas Project.**

**Paul and Klara Szanto Revocable Trust's Participation in the Las Vegas Project**

**55. Paragraphs 1-54 are restated here as though fully set forth here.**

**56. As will be shown by proof, the Paul and Klara Szanto Revocable Trust was the alter-ego for Paul and Klara Szanto and their real estate dealings.**

**57. It was the custom and habit of Paul and Klara Szanto to use the Trust structure as a way of leveraging their real estate holdings, and as an estate planning vehicle and as an income tax minimization tool.**

**58. As such, it is reasonable to accept that the intent of the parties to this action was that Paul and Klara Szanto Revocable Trust be the ultimate investment vehicle for the Las Vegas Project; this is borne out also by the parties intention to make the Las Vegas Project the elder Szantos' ultimate legacy.**

**59. For this reason, the Trust is an indispensable party to this action, without which, complete relief would be impossible; because assets could always be shuffled to the Trust to evade the judgment of this Court.**

**60. For all of these reasons, plaintiff seeks judgment in the amounts as previously described above.**

**61. Plaintiff also seeks costs of this action and such further relief as this Court might deem appropriate.**

**Respectfully submitted,**

**DATED  May 26, 2006**                                   **/s/ Peter Szanto  PETER SZANTO**

### PROOF OF SERVICE BY MAIL

1. My name is Cathy Garcia, I am over 18 years of age and not a party to the within action.

2. My business address is P.O. Box 10451, Newport Beach CA 92658.

3. On  May 26, 2006, I personally placed the within :

FIRST AMENDED COMPLAINT

- <u>Copy of this Proof of Service</u> …… into an envelope and sealed that envelope.

    I affixed sufficient 1st class postage to assure deliver and deposited said envelope in the US Mail addressed as: Vernon Leverty, 832 Willow Street, Reno NV 89502

    said mailing was accomplished in Orange County CA, where I am employed.

4. I declare under penalty of perjury that the foregoing is true and correct under the laws of

5. the United States of America. May 26, 2006

6. __signed electronically___  *Cathy Garcia*_____ Cathy Garcia