UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PETER SZANTO,

        Plaintiff,

v.

PAUL SZANTO; ESTATE OF KLARA SZANTO; and PAUL AND KLARA SZANTO REVOCABLE TRUST DATED MARCH 19,1991,

        Defendants.

2:06-CV-00048-PMP (PAL)

O R D E R

      Plaintiff Peter Szanto filed a First Amended Complaint for Damages (Doc. #35) on May 26, 2006.  Having reviewed the Amended Complaint and for the reasons set forth below, it appears to the Court that it lacks subject matter jurisdiction over the Amended Complaint.  This Court is under an independent obligation to examine its own jurisdiction.  See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990).  Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction.  United States v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000).  Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C § 1332.  "[D]iversity of citizenship is assessed at the time the action is filed." Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991) (citations omitted).  Pursuant to 28 U.S.C. § 1331, federal district

1  courts also have original jurisdiction over "all civil actions arising under the Constitution,
2  laws, or treaties of the United States." "A case 'arises under' federal law either where
3  federal law creates the cause of action or 'where the vindication of a right under state law
4  necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v.
5  Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Constr.
6  Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).

7       In the Amended Complaint, Plaintiff asserts "on the basis of diversity and real
8  property within this district, jurisdiction before this honorable Federal District Court is
9  appropriate." (Am. Compl. ¶ 8.) The Amended Complaint alleges "[a]t the time of the
10 commencement of the events in this action, diversity existed between plaintiff, a citizen of
11 Georgia, and defendants, citizens of California." (Id. ¶ 6.) However, it appears at the time
12 Plaintiff filed the Complaint, Plaintiff was a citizen of California because Plaintiff lists as
13 his address, a California address, on both the Complaint (Doc. #1) and Amended
14 Complaint. Accordingly, the Amended Complaint does not establish sufficiently diversity
15 jurisdiction. See Fed. R. Civ. P. 8(a) ("[a] pleading which sets forth a claim for relief . . .
16 shall contain (1) a short and plain statement of the grounds upon which the court's
17 jurisdiction depends . . . "). Nor does the Amended Complaint assert any other proper basis
18 for this Court's subject matter jurisdiction over the Amended Complaint. Because the
19 Court has raised this issue sua sponte, the Court will allow the parties to provide further
20 briefing regarding this Court's subject matter jurisdiction over Plaintiff's Amended
21 Complaint.
22 ///
23 ///
24 ///
25 ///
26 ///

1  IT IS THEREFORE ORDERED that Plaintiff shall have fifteen (15) days from the
2 date of this Order within which to file a brief regarding whether this Court has subject
3 matter jurisdiction over the Amended Complaint. Defendants shall have fifteen (15) days
4 from service of Plaintiff's brief to respond.

6 DATED:  July 6, 2006

8 _____
  PHILIP M. PRO
9 Chief United States District Judge