UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PETER SZANTO, <br><br> Plaintiff, <br><br> v. <br><br> PAUL SZANTO; ESTATE OF KLARA SZANTO; and PAUL AND KLARA SZANTO REVOCABLE TRUST DATED MARCH 19, 1991; inclusive, <br><br> Defendants. | 2:06-CV-00048-PMP-PAL <br><br> O R D E R |

Presently before the Court is Plaintiff Peter Szanto's Response to Court's Order Regarding Subject Matter Jurisdiction and Application to Amend Complaint (Doc. #45), filed on July 24, 2006. Defendants filed Defendants' Reply to Plaintiff's Response to Court's Order Regarding Subject Matter Jurisdiction and Reply to Application to Amend Complaint (Doc. #47) on July 26, 2006.

On May 26, 2006, Plaintiff Peter Szanto filed a First Amended Complaint for Damages (Doc. #43) in this Court, alleging breach of contract, breach of fiduciary duty, and negligent misrepresentation. This Court reviewed the Amended Complaint and determined that this Court lacked subject matter jurisdiction over the matter. (Order dated July 6, 2006 [Doc. #43].) Because the Court raised the issue sua sponte, the Court allowed the parties to provide further briefing regarding this Court's jurisdiction over the matter. (Id.)

In Plaintiff's briefing, Plaintiff concedes the First Amended Complaint does not

assert a proper basis for this Court's jurisdiction over the First Amended Complaint. (Pl.'s Resp. to Court's Order Regarding Subject Matter Jurisdiction and Application to Amend Compl. ["Application to Amend Compl."] at 1-4.) However, Plaintiff requests leave to amend the First Amended Complaint to assert properly this Court's jurisdiction. Specifically, Plaintiff seeks to amend the First Amended Complaint to include the following:

> Wherefore, in the within action plaintiff has sustained a loss of investment capital. By the facts presently known, that loss of investment capital occurred in the tax year 2001. Plaintiff did not learn of that loss until the tax year 2005. Plaintiff prays, that regardless of any other determination in this action, the Court grant relief to plaintiff, nunc pro tunc, that plaintiff may file his year 2005 Internal Revenue Income Tax Return with the loss for the year 2001 reflected as a loss sustained in the year 2005.
> The authority for this relief arises under 28 USC [sic] 1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."
> The specific laws and United States Code sections which authorizes the above petitioned relief are 26 USC [sic] 7402 (f) which creates "general jurisdiction of the district courts of the United States in civil actions involving internal revenue" and 28 USC [sic] 1340 which grants district courts original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue.

(Proposed First Amendment to the First Am. Compl. [Doc. #46] at 1-2.)

Defendants respond the Court should deny Plaintiff leave to amend, arguing Plaintiff makes the proposed amendment in bad faith and the proposed amendment is futile. Defendants argue Plaintiff is acting in bad faith because "the leave to amend is being filed to attempt to forestall the Court's belief that this case should be dismissed for lack of subject matter jurisdiction." (Defs.' Reply to App. to Amend Compl. at 3.) Defendants argue the proposed amendment is futile because the jurisdiction-granting statutes cited by Plaintiff are inapplicable as they apply to cases involving internal revenue and not to the state common-law causes of action Plaintiff pled in the Amended Complaint. Additionally, Defendants assert Plaintiff has asserted "no claim against Defendants that would allow this Court to modify Plaintiff's 2001 tax returns" because such a claim would be against the

2

Commissioner of the Internal Revenue Service, whom Plaintiff has not named as a party.

Generally, a plaintiff may amend his or her complaint once "as a matter of course at any time before a responsive pleading is served . . . . " Fed. R. Civ. P. 15(a). "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see also Foman v. Davis, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."). In the Ninth Circuit, "[f]ive factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,] and (5) whether plaintiff has previously amended his complaint." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (citing Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)).

The Court will deny Plaintiff leave to amend because amendment would be futile as Plaintiff's proposed amendment does not establish sufficiently this Court's subject matter jurisdiction over the matter. Title 26 U.S.C. § 7402(f) provides "[f]or general jurisdiction of the district courts of the United States in civil actions involving internal revenue, see section 1340 of the title 28 of the United States Code." Title 28 U.S.C. § 1340 grants district courts "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . . " The plain language of the statute indicates 28 U.S.C. § 1340 does not grant district courts an independent basis for jurisdiction. Young v. I.R.S., 596 F. Supp. 141, 145-46 (N.D. Ind. 1984) (citing Crown Cork & Seal Co. v. Penn. Human Relations Comm'n, 463 F. Supp. 120, 127 n.8 (E.D. Pa. 1979)). Rather, the language makes clear "the suit must be based on some cause of action which the Internal Revenue Code recognizes and allows the plaintiff to bring." Id. at 146.

Plaintiff has not identified a cause of action which the Internal Revenue Code recognizes and would allow him to bring. Instead, Plaintiff asserts "there is no statutory

3

1   relief from that three year limitation [on amendment of tax returns] available to plaintiff
2   from any source.  Even appeal to the Commissioner of the Internal Revenue Service would
3   be futile." (App. to Amend Compl. at 6.)  Because Plaintiff has not brought suit based on a
4   cause of action the Internal Revenue Code recognizes and instead explicitly recognizes no
5   statutory relief exists for his alleged cause of action, the proposed amendment would be
6   futile as it fails to state the basis for this Court's jurisdiction.  Nor does the proposed
7   amendment sufficiently allege any other basis for this Court's jurisdiction.   Accordingly,
8   the Court will deny Plaintiff's application to amend the First Amended Complaint and, for
9   the reasons set forth in the Court's Order dated July 6, 2006, will dismiss the First Amended
10  Complaint for lack of subject matter jurisdiction.  Additionally, as the Court lacks subject
11  matter jurisdiction over this matter, the Court also will deny all other pending motions as
12  moot.
13  ///
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///

4

1   IT IS THEREFORE ORDERED that Plaintiff Peter Szanto's Response to Court's Order Regarding Subject Matter Jurisdiction and Application to Amend Complaint (Doc. #45) is hereby DENIED for lackk of subject matter jursidiction.

   IT IS FURTHER ORDERED that Plaintiff's First Amended Complaint for Damages (Doc. #35) is hereby DISMISSED.

   IT IS FURTHER ORDERED that the following motions are hereby DENIED as moot:

   1. Defendant Paul and Klara Szanto Revocable Trust's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #26);
   2. Defendants' Motion to Dismiss for Failure to State a Claim Pursuant to Fed.R.Civ.P. 12(b)(6);
   3. Defendants' Motion to Dismiss for Insufficiency of Service of Process (Doc. #28); and
   4. Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim Pursuant to Fed. R. Civ. Proc. 12(b)(6).

DATED:   August 3, 2006

_____
PHILIP M. PRO
Chief United States District Judge